UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DUKOWITZ,

        Plaintiff,

v.

JOHN KELLEMEN,

        Defendant.

CASE NO. 3:18-cv-05968-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Robert Dukowitz, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was misrepresented by defense counsel at trial, and naming only his defense counsel as a defendant in this action. However, he has not demonstrated that defense counsel was acting under color of state law at the time, and so has failed to show he can be held liable under § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that

defendant violated his constitutional rights. However, the Court provides plaintiff leave to file an amended pleading by April 12, 2019, to cure the deficiencies identified herein.

In addition, it is unclear from the complaint whether petitioner will be able to effectively cure the deficiencies identified by the Court. Therefore, the Court declines to grant plaintiff's request to proceed *in forma pauperis* (Dkt. 5) at this time. The court will reconsider plaintiff's request to proceed *in forma pauperis* once plaintiff has either provided an amended pleading or otherwise responded to this order.

**BACKGROUND**

Plaintiff initially filed his complaint in December of 2018. Dkt. 1. He alleges defendant John Kellemen, plaintiff's counsel at trial, violated his rights when he stated that plaintiff was a murderer. Dkt. 1-1. He alleges defendant Kellemen prejudiced his trial and threatened him with an additional ten years' incarceration because of defendant Kellemen's behavior at trial. *Id*. He argues that his right to a fair trial was violated, and that defense counsel "slandered" plaintiff's name and "defamed" his character. *Id*. For relief he seeks "[a]ccountability for the slandering and defameing [sic] the character of [plaintiff's] name, violating [his] right to a fair trial, [he] seek[s] the relief of 5 (five) million dollars . . . ." *Id*.

**DISCUSSION**

Under the PLRA, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Applying these principles, plaintiff's complaint suffers from deficiencies requiring dismissal of some claims if not corrected in an amended complaint, as set forth below.

**I.     Defense Counsel as Defendant**

To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of right, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

However, the Supreme Court has repeatedly recognized that public defenders are not acting under color of state law for purposes of § 1983 when they act in their traditional role as an advocate. *See*, *e.g.*, *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Georgia v. McCollum*¸505 U.S. 42, 53 (1992); *Polk C'nty v. Dodson*, 454 U.S. 312, 320-25 (1981) (a public defendant "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a criminal defendant). Public defenders and private criminal defense attorneys do not act under the color of law when representing criminal defendants because they are not acting on behalf of the government; rather, they are the government's adversary. *See Pol C'nty*, 454 U.S at 323 n.13; *see also Atkins*, 487 U.S. at 50.

Here, plaintiff has only named John Kellemen, plaintiff's counsel at trial, as a defendant in this action. Dkt. 1-1. As noted above, defense counsel are not state actors for purposes of §

1983. Even when defense counsel renders ineffective assistance or a plaintiff alleges his counsel has breached attorney-client confidentiality, defense counsel is still not a state actor for purposes of § 1983. *See*, *e.g.*, *Wood v. Patrick*, 2017 WL 1368981, at *1-*3 (D. Nev. March 15, 2017) *report and recommendation adopted* 2017 WL 1371256 (noting that, although plaintiff alleged his defense counsel provided ineffective assistance, affirmatively misled him, and breached attorney-client privilege, defense counsel were still not state actors for § 1983 purposes). Plaintiff has only alleged his defense counsel defamed his character and provided ineffective assistance. However, he has not shown how defendant Kellemen was acting as a state actor when he was representing plaintiff in his criminal trial, or that defense counsel was otherwise acting outside his traditional role as an attorney. Thus, the Court finds plaintiff has not demonstrated defendant Kellemen was acting under color of state law. Therefore, the Court declines to serve his complaint at this time.

**II.    Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). In addition, plaintiff must demonstrate how

his defendant was acting under color of state law when he allegedly provided plaintiff ineffective assistance.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before April 12, 2019**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

1 | The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
2 | civil rights complaint and for service. The Clerk is further directed to send copies of this order
3 | and Pro Se Instruction Sheet to plaintiff.
4 | Dated this 12th day of March, 2019.

J. Richard Creatura
United States Magistrate Judge