UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DUKOWITZ,

          Plaintiff,

   v.

JOHN KELLEMEN et al.,

          Defendants.

CASE NO. 3:18-cv-05968-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MAY 17, 2019

Plaintiff John Kellemen, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's proposed amended complaint under 28 U.S.C. § 1915A, the Court concludes that plaintiff has failed to state a claim for which relief can be granted. Plaintiff has not alleged that defendants were acting under color of state law or that a policy, regulation, or custom violated any Constitutional or statutory right. Accordingly, the Court recommends plaintiff's proposed amended complaint (Dkt. 7) be dismissed and that plaintiff's application to proceed *in forma pauperis* (Dkt. 5) and application for court appointed counsel (Dkt. 1-2) be denied as moot.

| | |
|---|---|
| 1 | BACKGROUND |
| 2 | Plaintiff, who is housed at Washington Corrections Center, alleges that his court- |
| 3 | appointed counsel John Kellemen obtained a false or incorrect criminal history report which was |
| 4 | used to negotiate a plea bargain outside of the standard range. Dkt. 7 at 3. Plaintiff alleges that |
| 5 | Mr. Kellemen "slandered [his] character" and "weakened [his] ability to go to trial and receive a |
| 6 | fair trial." *Id.* Plaintiff seeks monetary damages and has named Mr. Kellemen and the King |
| 7 | County Office of the Public Defender ("OPD") as defendants. Dkt. 7. Plaintiff has also presented |
| 8 | the Court with an application to proceed *in forma pauperis* and an application for court- |
| 9 | appointed counsel. Dkt. 1-1, 5. |
| 10 | On March 12, 2019 the Court screened plaintiff's first proposed complaint and found it |
| 11 | was deficient. *See* Dkt. 6. The Court ordered plaintiff to correct the deficiencies by April 12, |
| 12 | 2019. *Id.* Plaintiff filed the proposed amended complaint April 1, 2019. Dkt. 7. |
| 13 | DISCUSSION |
| 14 | Under the Prison Litigation Reform Act of 1995, the Court is required to screen |
| 15 | complaints brought by prisoners seeking relief against a governmental entity or officer or |
| 16 | employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the |
| 17 | complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to |
| 18 | state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant |
| 19 | who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, |
| 20 | 152 F.3d 1193 (9th Cir. 1998). |
| 21 | In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he |
| 22 | suffered a violation of rights protected by the Constitution or created by federal statute, and (2) |
| 23 | the violation was proximately caused by a person acting under color of state law. *See Crumpton* |
| 24 | |

REPORT AND RECOMMENDATION - 2

*v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

However, public defenders who perform a lawyer's traditional functions as counsel to a defendant in a criminal proceeding are not subject to a § 1983 action because under those circumstances a public defender acts independently, not "under the color of law" as required by § 1983. *Polk County v. Dodson,* 454 U.S. 312 (1981); *Miranda v. Clark County, Nevada,* 319 F.3d 465, 468 (9th Cir. 2003). Even when defense counsel renders ineffective assistance, defense counsel is still not a state actor for purposes of § 1983. *See*, *e.g.*, *Wood v. Patrick*, 2017 WL 1368981, at *1-*3 (D. Nev. March 15, 2017) *report and recommendation adopted* 2017 WL 1371256 (noting that, although plaintiff alleged his defense counsel provided ineffective assistance, affirmatively misled him, and breached attorney-client privilege, defense counsel were still not state actors for § 1983 purposes). Here, plaintiff's claim involves only Mr. Kellemen's actions as a lawyer functioning as court-appointed defense counsel. Therefore, plaintiff's claim against Mr. Kellemen is not actionable under § 1983.

REPORT AND RECOMMENDATION - 3

1    In addition, while municipalities and local government units are considered persons for § 1983 purposes, they are only liable for policies, regulations, and customs adopted and promulgated by that body's officers. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978). Plaintiff's proposed amended complaint does not assert that any policy, regulation, or custom of the OPD violated a Constitutional or statutory right. *See* Dkt. 7. In fact, plaintiff's proposed amended complaint only lists the OPD as a defendant and has not asserted any allegations against it. Therefore, plaintiff has failed to state a claim against the OPD.

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds that plaintiff has failed to allege facts sufficient to show that defendants Kellemen and OPD are liable under § 1983. The Court provided plaintiff with notice of the deficiencies in his claims. *See* Dkt. 6. Plaintiff's proposed amended complaint does not further address these issues. *See* Dkt. 7. As plaintiff has been given leave to amend and has been instructed regarding the deficiencies of his claims, the Court recommends that plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

1     For the above stated reasons, the undersigned recommends that plaintiff's proposed
2 amended complaint be dismissed for failure to state a claim. The undersigned also recommends
3 denying plaintiff's application to proceed *in forma pauperis* (Dkt. 5) and plaintiff's application
4 for court-appointed counsel (Dkt. 1-2) as moot.

5     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
6 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
7 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
8 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
9 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
10 17, 2019 as noted in the caption.

11     Dated this 25th day of April, 2019.

                    J. Richard Creatura
                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 5